**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Candace Marie Sinicrope, Appellant.

Appellate Case No. 2019-001023

―――――――――――――

Appeal From York County
J. Mark Hayes, II, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2021-UP-397
Submitted October 1, 2021 – Filed November 10, 2021

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

―――――――――――――

**PER CURIAM:** Candace Marie Sinicrope appeals her conviction for possession of a controlled substance. On appeal, Sinicrope argues the trial court erred in admitting evidence found during an automobile search in violation of the Fourth

Amendment and Article I, Section 10 of the South Carolina Constitution.  We affirm pursuant to Rule 220(b), SCACR.  First, Sinicrope's argument that the traffic stop was unlawfully extended is unpreserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id*. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *id*. ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").  Second, the trial court did not err in finding probable cause for the search existed because a police officer testified he observed items in the automobile that, based on his training and experience, were indicative of illicit drug use.  *See Robinson v. State*, 407 S.C. 169, 180-81, 754 S.E.2d 862, 868 (2014) ("On appeal from a motion to suppress on Fourth Amendment grounds, [appellate courts apply] a deferential standard of review and will reverse only if there is clear error."); *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm if there is any evidence to support the ruling."); *State v. Morris*, 411 S.C. 571, 580, 769 S.E.2d 854, 859 (2015) ("Probable cause to conduct a search exists where 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996))); *id*. at 581, 769 S.E.2d at 859 ("Therefore, determining whether an officer has probable cause to conduct a warrantless search depends on the totality of the circumstances.").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.